IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-407 |
| vs. | |
| MARTIN LOPEZ-MARTINEZ, | ORDER ON MOTION TO REDUCE SENTENCE |
| Defendant. | |

This matter is before the Court on defendant Martin Lopez-Martinez's Motion to Reduce Sentence.[1] Filing 69. As the basis for his Motion, Lopez-Martinez argues that the sentencing guidelines are unduly harsh because it treats 1 gram of methamphetamine (actual) as equivalent to 10 grams of methamphetamine mixture. Filing 69 at 2–3. *See* U.S. Sent'g Manual §2D1.1(c)(1)–(12). The Motion is denied.

On December 10, 2019, a grand jury indicted Lopez-Martinez for conspiracy to distribute 50 grams or more of methamphetamine actual, in violation of 21 U.S.C. §§ 841, 846, and possession with intent to distribute 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. § 841. Filing 1 at 1–2. As outlined in the Presentence Investigation Report, during a traffic stop law enforcement officers searched Lopez-Martinez's vehicle after smelling marijuana. Filing 64 at 5. The search yielded 26 separate packages of methamphetamine totaling about 30 pounds. Filing 64 at 5. Lopez-Martinez pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine (actual) pursuant to a Rule 11(c)(1)(C) plea agreement limiting his sentence to between 115 and 135 months, which was below his guidelines of 168 to 210 months. Filing 57; Filing 51 (text minute entry). The Court then sentenced Lopez-Martinez to

---

[1] Lopez-Martinez titles his Motion "Motion for Downward Variance." Filing 69 at 1. Because Lopez-Martinez has already been sentenced, the Court construes his motion as one for a reduction of sentence.

1

135 months incarceration on August 19, 2022. Filing 67. Less than seven months later, Lopez-Martinez filed the present Motion on March 10, 2023. Filing 69.

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). The amendment provides for "so-called 'compassionate release.'" *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061 (8th Cir. 2022).

Under the plain terms of the statute, prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). Exhausting administrative remedies "is a mandatory claim-processing rule." *Id.* Here, Lopez-Martinez provides no evidence that he has exhausted his administrative remedies. Such a failure would have been sufficient to deny his motion had the United States raised the issue. *See Houck*, 2 F.4th at 1084 (holding that a mandatory claim-processing rule "must be enforced *so long as the opposing party properly raises it*" (emphasis added)). Nevertheless, the Court will consider the merits of Lopez-Martinez's Motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) and provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a

2

reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). It is the prisoner's burden to establish an entitlement to sentence reduction. See Avalos Banderas, 39 F.4th at 1062. "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." Id. Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." United States v. Loggins, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021). Finally, the Eighth Circuit Court of Appeals has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." United States v. Crandall, 25 F.4th 582, 586 (8th Cir. 2022). With these considerations in mind, the Court turns to the merits of Lopez-Martinez's Motion.

Lopez-Martinez's sole point is that he believes that the guidelines are too harsh in its treatment of methamphetamine (actual). This is not an "extraordinary and compelling" reason for a reduction in sentence. The fact that Lopez-Martinez believes, as a policy matter, that methamphetamine (actual) and methamphetamine mixture should be treated the same does not warrant relief. Thousands of prisoners have been and will continue to be sentenced via the application of these guidelines. Moreover, the Eighth Circuit has cautioned that "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." Crandall, 25 F.4th at 586. Therefore,

Lopez-Martinez's Motion fails because he has not brought forward extraordinary and compelling reasons for his release.

Further, the Court has reviewed the record and concludes that a reduction of Lopez-Martinez's sentence would be contrary to the factors under 18 U.S.C. § 3553(a).[2] Lopez-Martinez received a below-guidelines sentence pursuant to his plea agreement. His offense involved the possession with intent to distribute a significant quantity of methamphetamine. A sentence reduction would be contrary the nature and seriousness of Lopez-Martinez's offense and the need to provide adequate deterrence. Accordingly,

IT IS ORDERED that Martin Lopez-Martinez's Motion to Reduce Sentence, Filing 69, is denied.

Dated this 24th day of March, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A)–(C), (6).